```
              UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                         3:04CV617-MU-02
```

| | |
|---|---|
| **TEDDY MORRIS KEASLING,** )<br>     Petitioner,         )<br>                              )<br>          v.                )          **O R D E R**<br>                              )<br>**DOUG MITCHELL, Supt.,**    )<br>     Respondent.            )<br>_____) | |

**THIS MATTER** is before the Court on the petitioner's document captioned as a "Motion For Reconsideration To Submit Belated Writ of Habeas Corpus Petition By State Petitioner," filed March 30, 2005. For the reasons stated herein, the petitioner's Motion will be <u>denied</u>.

As reflected by the factual recitation set forth in the Court's Order of Dismissal filed February 28, 2005, on December 13, 2004, the petitioner filed a <u>de facto</u> petition for federal <u>habeas corpus</u> review under 28 U.S.C. §2254. By that petition, the petitioner reported that at some point in or about July 1991--about 14 years earlier, a jury convicted him of First-Degree Rape and First-Degree Sexual Offense. Accordingly, on July 10, 1991, the Superior Court of Lincoln County sentenced the petitioner to two terms of life imprisonment.

Such petition further reported that the petitioner had exhausted all of his State Court remedies in connection with his

case.  However, the petitioner failed to give any information concerning the dates and/or the nature of the review which he sought during his pursuit of direct and/or collateral review in the North Carolina courts.  Rather, apparently recognizing the untimeliness of his federal efforts, the petitioner's petition simply asked the Court for permission to pursue his <u>habeas</u> claims out of time.

Therefore, on January 10, 2005, the Court entered an Order advising the petitioner that it lacked authority to grant the requested extension based upon the information set forth in his petition.  Moreover, that Order advised the petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), he had one year from the time that his cases became final in which to file the subject petition.  Therefore, the Court informed the petitioner that his petition was subject to summary dismissal as being time-barred.

Consequently, the Court further advised the petitioner, consistent with the ruling in <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), that he had an obligation to file a document explaining why his Petition should be construed as timely filed.  Such Order gave the petitioner 20 days in which to file his explanation in response to that Order.

On January 20, 2005, the petitioner's "Response To Order . . . " was filed.  Although that Response set forth relevant

information concerning the dates and types of motions which the petitioner had pursued in State court, such document fell far short of demonstrating that the petitioner's petition was timely filed. Therefore, on February 28, 2005, the Court entered an Order dismissing the petitioner's petition as time-barred under the AEDPA.

Undaunted by his lack of success, on March 30, 2005, the petitioner filed the instant Motion for Reconsideration. However, careful review of that document plainly shows that the Motion does not seek relief from the Court's judgment of dismissal due to some defect in the Court's review process, or on some other appropriate ground. Instead, the petitioner's Motion for Reconsideration seeks to have his petition reinstated based upon his representations that he "cannot read or write . . . ," and he was unable to obtain any assistance in presenting his arguments to the Court.

As reflected above, the petitioner's representations make it clear that he is attempting to raise new grounds in support of his petition. To put it another way, the petitioner's Motion for Reconsideration is little more than a thinly-veiled attempt by him to continue his collateral attack on his convictions and sentences. Therefore, pursuant to United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), the petitioner's Motion for Reconsideration must be rejected as an unauthorized second petition for habeas review. Indeed, inasmuch as the petitioner has filed this second

federal habeas petition without having first obtained pre-filing authorization from the Fourth Circuit Court of Appeals as required under 28 U.S.C. §2244, the instant Motion for Reconsideration must be **DENIED**.

**SO ORDERED.**

**Signed: August 9, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge